IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

CENTRAL ILLINOIS CARPENTERS HEALTH )
AND WELFARE TRUST FUND, CARPENTERS )
PENSION FUND OF ILLINOIS, CENTRAL )
ILLINOIS CARPENTERS RETIREMENT )
SAVINGS FUND, CHICAGO REGIONAL )
COUNCIL OF CARPENTERS )
APPRENTICESHIP AND TRAINING FUND, )
MID-AMERICA CARPENTERS REGIONAL )
COUNCIL, CENTRAL ILLINOIS BUILDERS )
OF AGC, CARPENTERS INTERNATIONAL )
APPRENTICESHIP, SAFETY, )
LABOR/MANAGEMENT FUND, )
CARPENTERS INDUSTRY ADVANCEMENT )
FUND, CARPENTERS INTERNATIONAL )
TRAINING FUND, CARPENTERS LABOR )
MANAGEMENT EDUCATION AND )
DEVELOPMENT FUND, CHICAGO REGIONAL )
COUNCIL OF CARPENTERS PROMOTIONAL )
FUND, MID-CENTRAL ILLINOIS )
CARPENTERS JOINT LABOR MANAGEMENT )
SUBSTANCE ABUSE TESTING FUND, and )
CARPENTERS LOCAL UNION NO. 270 )
                                          Plaintiffs, )
                                                    )
v. ) No.   22-3108
                                                    )
SICILIANO, INC., )
                                          Defendant. )

**COMPLAINT**

NOW COME the plaintiffs, CENTRAL ILLINOIS CARPENTERS HEALTH & WELFARE TRUST FUND *et al.*, by their attorneys, CAVANAGH & O'HARA LLP, complaining of the defendant, SICILIANO, INC., and allege as follows:

**Introduction**

1.       This is a civil action brought under the Employee Retirement Income Security Act of 1974, as amended from time to time and codified at 29 U.S.C. §1001 *et seq.* ("ERISA"), and

the Labor Management Relations Act of 1947, as amended from time to time and codified at 29 U.S.C. §141 *et seq.* ("LMRA"), to collect delinquent contributions and other amounts the defendant is obligated to pay to the plaintiffs under the terms of applicable collective bargaining agreements, the plaintiffs' respective trust agreements, and applicable provisions of ERISA and the LMRA.

**Parties**

2. Plaintiff Central Illinois Carpenters Health and Welfare Trust Fund (the "Welfare Fund") provides welfare and other benefits to the employees of participating employers who pay fringe benefit contributions to the Welfare Fund on behalf of their employees.

3. Plaintiff Carpenters Pension Fund of Illinois (the "Pension Fund") provides retirement and other benefits to the employees of participating employers who pay fringe benefit contributions to the Pension Fund on behalf of their employees.

3. Plaintiff Central Illinois Carpenters Retirement Savings Fund (the "Retirement Savings Fund") provides retirement and other benefits to the employees of participating employers who pay fringe benefit contributions to the Annuity Fund on behalf of their employees.

5. Plaintiffs Chicago Regional Council of Carpenters Apprenticeship and Training Fund, Mid-America Carpenters Regional Council, Central Illinois Builders of AGC, Carpenters International Apprenticeship, Safety, Labor/Management Fund, Carpenters Industry Advancement Fund, Carpenters International Training Fund, Carpenters Labor Management Education and Development Fund, Chicago Regional Council of Carpenters Promotional Fund, and Mid-Central Illinois Carpenters Joint Labor Management Substance Abuse Testing Fund are either multi-employer plans, labor-management committees, and/or other plans established pursuant to or named in collective bargaining agreements between Mid-America Carpenters Regional Council

(the "Union") and certain employer associations whose employees are covered by the collective bargaining agreements with the Union.

6. Plaintiff Carpenters Local Union No. 270 is a labor organization associated with the United Brotherhood of Carpenters and Mid-America Carpenters Regional Council (the "Local Union").

7. The Welfare Fund collects and administers fringe benefit contributions and dues owed to plaintiffs Chicago Regional Council of Carpenters Apprenticeship and Training Fund, Mid-America Carpenters Regional Council, Central Illinois Builders of AGC, Carpenters International Apprenticeship, Safety, Labor/Management Fund, Carpenters Industry Advancement Fund, Carpenters International Training Fund, Carpenters Labor Management Education and Development Fund, Chicago Regional Council of Carpenters Promotional Fund, Mid-Central Illinois Carpenters Joint Labor Management Substance Abuse Testing Fund, and Carpenters Local Union No. 270 pursuant to applicable collective bargaining agreements.

8. Siciliano, Inc. ("Defendant") is an Illinois corporation registered to do business in Illinois, with a principal office located at 3601 Winchester Road in Springfield, Illinois.

## Jurisdiction

9. This court has jurisdiction over this case pursuant to Section 502(e)(1) of ERISA because federal district courts have exclusive jurisdiction under ERISA over civil actions cases like the present action (*see* 29 U.S.C. §1132(e)(1)).

10. This Court also has jurisdiction of this case pursuant to Section 301(a) of the LMRA, which grants the United States original jurisdiction over suits for violation of contracts between an employer and a labor organization in an industry affecting commerce, without respect to the amount in controversy and the citizenship of the parties (s*ee* 29 U.S.C. §185(a)).

11.     To the extent this Complaint sets forth any state law claims, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. §1367(a).

## Venue

12.     Venue for civil cases like the present case is proper in a federal district court where the breach took place, where a defendant resides or may be found, or where the employee benefit plan is administered (*see* §502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

13.     Venue for civil cases like the present case is proper in any federal district court having jurisdiction of the parties (*see* §301(a) of LMRA, 29 U.S.C. §185(a)).

14.     Venue is proper in this court because plaintiff Central Illinois Carpenters Health and Welfare Trust Fund's plan is administered in Lincoln, Illinois, which is located within the venue of the District Court for the Central District of Illinois, Springfield Division. Venue is further proper in this court because the defendant's principal office is located in Springfield, Illinois, which is located within the venue of the District Court for the Central District of Illinois, Springfield Division.   Finally, venue is proper in this court because this court has jurisdiction over the parties.

## Factual Allegations

15.     The Pension Fund, Welfare Fund, and Retirement Savings Fund are all administered pursuant to the terms and provisions of agreements and declarations of trust, as amended and restated (the "Trust Agreements").

16.     A copy of pertinent provisions of the Trust Agreements are attached hereto as Exhibits "A" (Pension Fund), Exhibit "B" (Welfare Fund), and Exhibit "C" (Retirement Savings Fund), all of which are fully incorporated herein and made a part hereof by this reference.

17.     Defendant is an "Employer" engaged in an industry within the meaning of 29

U.S.C. §§1002 (5), (11), (12) and (14).

18.     Defendant is a party to or otherwise bound by labor agreements with the Mid-America Carpenters Regional Council (the "Union"). Mid-America Regional Council of Carpenters was formerly known as the "Chicago Regional Council of Carpenters – Southern Region", which was formerly known as the "Mid-Central Illinois District Council of Carpenters".

19.     Defendant is a party to or otherwise bound by a written recognition agreement titled "Agreement Recognizing the Mid-Central Illinois District Council of Carpenters as Exclusive Bargaining Representative and Adopting all Collective Bargaining Agreements to Which that Labor Organization (or its Predecessors) is a Party" (the "Recognition Agreement").

20.     A copy of the Recognition Agreement is attached hereto as Exhibit "D" and fully incorporated herein and made a part hereof by this reference.

21.     Pursuant to the Recognition Agreement, defendant is bound by all current and subsequent collective bargaining agreements to which the Union is a party (the "Collective Bargaining Agreements), which include the collective bargaining agreement with the Union covering the period of May 1, 2017 through April 30, 2020, titled "Collective Bargaining Agreement between Central Illinois Builders of AGC Greater Peoria Contractors & Suppliers Association, Inc. and Chicago Regional Council of Carpenters", and the collective bargaining agreement with the Union covering the period of May 15, 2020 through April 30, 2024, titled "Collective Bargaining Agreement between Central Illinois Builders of AGC Greater Peoria Contractors & Suppliers Association, Inc. and Chicago Regional Council of Carpenters".

22.     A copy of the collective bargaining agreement covering the period of May 1, 2017 through April 30, 2020 and titled "Collective Bargaining Agreement between Central Illinois Builders of AGC Greater Peoria Contractors & Suppliers Association, Inc. and Chicago Regional

Council of Carpenters" is attached hereto as Exhibit "E" and fully incorporated herein and made a part hereof by this reference.

23.     A copy of the collective bargaining agreement covering the period of May 15, 2020 through April 30, 2024 and titled "Collective Bargaining Agreement between Central Illinois Builders of AGC Greater Peoria Contractors & Suppliers Association, Inc. and Chicago Regional Council of Carpenters" is attached hereto as Exhibit "F" and fully incorporated herein and made a part hereof by this reference.

24.     Defendant employed individuals who performed work covered by the Collective Bargaining Agreements at various times during the period of May 1, 2018 through October 31, 2020.

25.     Defendant has employed individuals who are members of, and represented by, the Local Union during the period of May 1, 2018 through October 31, 2020.

26.     Defendant employed individuals who are participants in the employee benefit plans administered by the Pension Fund, Welfare Fund, Retirement Savings Fund, and other applicable named plaintiffs during the period of May 1, 2018 through October 31, 2020.

27.     Defendant is bound by the Trust Agreements pursuant to the Recognition Agreement and the Collective Bargaining Agreements.

28.     Defendant is required under the Collective Bargaining Agreements and Trust Agreements to pay contributions to plaintiffs for each hour of work performed by its employees each month that is covered under the Collective Bargaining Agreements.

29.     Defendant is required under the Collective Bargaining Agreements to pay "check-off" dues based upon each hour of work performed and "working dues" as a percentage of wages earned by its employees each month for work that is covered under the Collective Bargaining

Agreements.

30. Defendant is required under the Collective Bargaining Agreements and Trust Agreements to prepare and submit completed contribution reporting forms to the plaintiffs, on a monthly basis, which provide the information needed in order to accurately assess the contributions and other amounts due and payable by defendant to the plaintiffs ("Monthly Reports").

31. Defendant is required under the Collective Bargaining Agreements to prepare and submit completed Monthly Reports, along with the appropriate payments, to the plaintiffs on or before the 15th day of the calendar month following the month in which the contributions and other amounts accrued.

32. If the plaintiffs do not receive the Monthly Reports with the appropriate payments by the 15th day of each month, then defendant is delinquent in reporting information and paying contributions and dues to the plaintiffs.

33. Defendant is required under the Collective Bargaining Agreements and Trust Agreements to permit the plaintiffs and their agents to conduct audits of payroll and related records in order to determine if contributions and other amounts have been properly paid pursuant to the collective bargaining agreements and trust agreements.

34. Plaintiffs engaged a certified public accounting firm to examine the payroll books and records of the defendant (the "accounting") for the period of May 1, 2018 through October 31, 2020 (the "accounting period"), to determine whether defendant complied with its obligations to pay the contributions and other amounts to the plaintiffs as required under the plaintiffs' trust agreements and the collective bargaining agreements.

35. A copy of the accounting for the Welfare Fund and other named plaintiffs, except

for the Pension Fund, is attached hereto and fully incorporated herein as Exhibit "G".

36. A copy of the accounting for the Pension Fund is attached hereto and fully incorporated herein as Exhibit "H".

37. The accounting determined that defendant employed and paid individuals who are members of the Local Union and participants in the employee benefit plans administered by the Pension Fund, Welfare Fund, Retirement Savings Fund and other applicable named plaintiffs.

38. The accounting determined that defendant was delinquent in reporting information and paying contributions and other amounts to the plaintiffs during period of May 1, 2018 through October 31, 2020.

39. The audit determined that defendant was delinquent in reporting hours and paying contributions and dues to the Welfare Fund and other named plaintiffs, except the Pension Fund, totaling $66,034.34.

40. The audit determined and calculated that defendant owes the Welfare Fund and other named plaintiffs, except the Pension Fund, interest in the sum of $18,588.33, liquidated damages in the sum of $13,207.20 and audit costs in the sum of $1,032.63.

41. The audit determined that defendant was delinquent in reporting hours and paying contributions to the Pension Fund totaling $58,225.65.

42. The audit determined and calculated that defendant owes the Pension Fund interest in the sum of $17,871.21.

## COUNT I
### Violation of §515 of ERISA [29 U.S.C. §1145]

1-42. Plaintiffs, Central Illinois Carpenters Health and Welfare Trust Fund, Carpenters Pension Fund of Illinois, and Central Illinois Carpenters Retirement Savings Fund, re-assert and

re-allege paragraphs 1 through 42 above as paragraphs 1 through 42 of Count I as if fully set forth herein.

43. §515 of ERISA [29 U.S.C. §1145], provides "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

44. Defendant violated its statutorily-mandated obligation under §515 of ERISA to timely pay fringe benefit contributions and other amounts to plaintiffs based upon the findings of the accounting.

45. Defendant owes the plaintiffs contributions in the amount of $112,633.69 for hours of work performed by its employees over the period of May 1, 2018 through October 31, 2020.

46. Plaintiffs demanded that defendant pay plaintiffs the unpaid contributions owed, but defendant has refused to pay these contributions to the plaintiffs.

47. §502(g)(2) of ERISA [29 U.S.C. 1132(g)(2)] provides as follows:

> "(g)  Attorney's fees and costs; awards in actions involving delinquent contributions
>
> *     *     *
>
> (2)   In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –
>
> > (A)   the unpaid contributions,
> >
> > (B)   interest on the unpaid contributions,
> >
> > (C)   an amount equal to the greater of –
> >
> > > (i)   interest on the unpaid contributions,

or

>   (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
>   (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
>   (E) such other legal or equitable relief as the court deems appropriate.
>
>   For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of title 26."

48. Plaintiffs are entitled under §502(g)(2) of ERISA to a mandatory award of the unpaid contributions, interest on the unpaid contributions, liquidated damages, reasonable attorneys' fees and costs, and costs of the accounting.

WHEREFORE, plaintiffs pray as follows:

A. That judgment is entered in favor of plaintiffs, Central Illinois Carpenters Health and Welfare Trust Fund, Carpenters Pension Fund of Illinois, and Central Illinois Carpenters Retirement Savings Fund, and against defendant, Siciliano, Inc., in the sum of $112,633.69, plus all other amounts determined to be due and owing to plaintiffs at the time judgment is entered, including without limitation, liquidated damages, interest, accounting costs, and attorneys' fees and costs;

B. That defendant is decreed to pay to the plaintiffs their reasonable attorneys' fees and costs;

C. That defendant is decreed to pay all costs attendant to these proceedings; and

D. That plaintiffs are awarded, at defendant's cost, such further and other relief as may be available under ERISA, or as is otherwise just and equitable.

### COUNT II
### Breach of Written Agreements

1-42. Plaintiffs re-assert and re-allege paragraphs 1 through 42 of Count I as paragraphs 1 through 42 of Count II as if fully set forth herein.

43. Defendant breached the terms of the Collective Bargaining Agreements, and Trust Agreements, to the extent applicable, by failing to timely pay fringe benefit contributions and other amounts to plaintiffs based upon the findings of the accounting.

44. Defendant owes the plaintiffs contributions and dues in the amount of $124,259.99, for hours of work performed and wages earned by its employees over the period of May 1, 2018 through October 31, 2020.

45. Plaintiffs demanded that defendant pay plaintiffs the unpaid contributions owed, but defendant has refused to pay these contributions to the plaintiffs.

46. Pursuant to applicable terms of the Collective Bargaining Agreements and the Trust Agreements, to the extent applicable, defendant owes interest and liquidated damages on unpaid contributions.

47. Pursuant to applicable the terms of the Collective Bargaining Agreements and the Trust Agreements, to the extent applicable, defendant owes the audit costs incurred by the plaintiffs in performing the payroll audit.

48. Pursuant to applicable terms of the Collective Bargaining Agreements and the Trust Agreements, to the extent applicable, the defendant is liable for reasonable attorneys' fees, court

costs and all other reasonable expenses incurred by the plaintiffs in the collection of the unpaid contributions.

WHEREFORE, plaintiffs pray as follows:

A. That judgment is entered in favor of plaintiffs, Central Illinois Carpenters Health and Welfare Trust Fund, Carpenters Pension Fund of Illinois, and Central Illinois Carpenters Retirement Savings Fund, Chicago Regional Council of Carpenters Apprenticeship and Training Fund, Mid-America Carpenters Regional Council, Central Illinois Builders of AGC, Carpenters International Apprenticeship, Safety, Labor/Management Fund, Carpenters Industry Advancement Fund, Carpenters International Training Fund, Carpenters Labor Management Education and Development Fund, Chicago Regional Council of Carpenters Promotional Fund, Mid-Central Illinois Carpenters Joint Labor Management Substance Abuse Testing Fund, and Carpenters Local Union No. 270, and against defendant, Siciliano, Inc., in the sum of $124,259.99, plus all other amounts determined to be due and owing to plaintiffs at the time judgment is entered, including without limitation, liquidated damages, interest, accounting costs, and attorneys' fees and costs;

B. That defendant is decreed to pay to the plaintiffs their reasonable attorneys' fees and costs;

C. That defendant is decreed to pay all costs attendant to these proceedings; and

D. That plaintiffs are awarded, at defendant's cost, such further and other relief as may be available under ERISA, the LMRA, the Collective Bargaining Agreements, the Trust Agreements, or as is otherwise just and equitable.

          CENTRAL ILLINOIS CARPENTERS HEALTH and WELFARE TRUST FUND *et al.*, Plaintiffs,

By:    s/ John P. Leahy
       JOHN P. LEAHY
       CAVANAGH & O'HARA LLP
       Attorneys for Plaintiffs
       2319 W. Jefferson Street
       Springfield, IL 62702
       (217) 544-1771 – Telephone
       (217) 544-9894 – Facsimile
       johnleahy@cavanagh-ohara.com